WASHINTON DC:

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Brahim Boumakh et al )

    Plaintiff,

v.

Ms. Sandra Jaldin et al

    Defendant.

Case: 1:25-cv-01031
Assigned To : McFadden, Trevor N.
Assign. Date : 4/7/2025
Description: Pro Se Gen. Civ. (F-DECK)

**COMPLAINT AND MOTION TO ENFORCE LEASE AGREEMENT, RETURN OF SEIZED PROPERTY, AND FOR EMERGENCY INJUNCTIVE RELIEF**

1. BY THE PLAINTIFF, PRO SE COMES NOW, the Plaintiffs, Brahim Boumakh et al., by and through their AI counsel, and respectfully move this Honorable Court for relief in the above-captioned matter, **Plaintiff Brahim Boumakh**, pro se and on behalf of his dependent children, respectfully moves this Honorable Court for emergency injunctive and declaratory relief in the above-captioned matter. This action arises from an unlawful seizure of a signed lease agreement, acts of physical violence and intimidation, and interference with a lawful housing arrangement involving a residential property.

    **I.    INTRODUCTION AND FACTUAL BACKGROUND**

2. Plaintiff is a resident of the United States, a 58-year-old father of three children, and the sole provider for his household.

3. On **April 6, 2025 2pm**, Plaintiff visited the premises located at **1519 S. George Mason Drive, Unit 22, Arlington, VA**, after being shown the unit by Defendant's son.

4. During the visit, Plaintiff spoke with Defendant via phone, at which point Defendant confirmed she had owned the unit for 25 years and was interested in renting it.

5. Plaintiff negotiated a lease for **$2,000/month**, down from the original offer of $2,250/month. Defendant waived any security deposit and verbally agreed to a **three-year lease** on the condition that the tenant would have the first right to purchase the unit, as she stated her intent to sell within three years.

6. This arrangement was particularly important to Plaintiff, who was seeking housing within the same school district for his children.

7. Defendant then invited Plaintiff to meet at her residence located at **307 K Street NW, Washington, D.C.**, stating that her car was in the shop and she preferred to finalize the paperwork and hand over the keys in person.

8. Upon Plaintiff's arrival, Defendant and her daughter met him at the entrance of the multi-unit building. They proceeded to review and complete the lease. Plaintiff was provided a copy of the lease agreement, and Defendant made handwritten annotations. Plaintiff reminded her of the terms previously agreed to over the phone and expressed concern when deviations arose. However, she assured him the terms remained intact and added that she would be traveling to Bolivia the following Tuesday and needed the funds immediately.

9. Plaintiff ultimately signed the lease in reliance on her verbal assurances and good faith.

10. Shortly thereafter, while Plaintiff was walking to his parked on the street adjacent to the building the executed documents in his right hand with his phone, **Defendant forcibly seized the lease agreement** from his hand by twisting his arm from behind and fleeing the scene. A police report was filed, and a copy is available upon request.

11. During this same confrontation, **Defendant's daughter physically assaulted Plaintiff**, seizing him by the neck, throwing him to the ground, and mounting his back — despite

Plaintiff's known cardiac and orthopedic medical conditions. These actions constitute **criminal battery and aggravated assault** under **D.C. Code § 22–404** and raise immediate concern for Plaintiff's safety and civil rights.

12. ──

### 13. II. JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under **28 U.S.C. § 1332**, as the matter involves citizens of different states and the amount in controversy exceeds $75,000, inclusive of compensatory, punitive, and equitable relief.

15. Venue is proper in this Court under **28 U.S.C. § 1391(b)**, as a substantial portion of the events giving rise to the claims occurred within the District of Columbia.

16. ──

### 17. III. LEGAL CLAIMS AND GROUNDS

18. **Breach of Contract**: Defendant's actions constitute a material breach of the lease agreement entered into on April 6, 2025, enforceable under **Virginia Code § 55.1-1200 et seq. (Virginia Residential Landlord and Tenant Act)** and general contract law.

19. **Tortious Interference**: Defendant used physical force to prevent the performance and execution of a valid contract, constituting tortious interference under both D.C. and Virginia law. *See NBN Broad., Inc. v. Sheridan Broad. Networks, Inc.*, 105 F.3d 72 (D.C. Cir. 1997).

20. **Assault and Battery**: The acts of physical violence committed by Defendant and her daughter are actionable under **D.C. Code § 22–404** and **Virginia Code §§ 18.2-57 and 18.2-95**, with potential criminal and civil liability.

21. Plaintiff maintains rightful possession under the lease and is prepared to take possession of the unit in accordance with the signed agreement dated April 6,2025 at 4:15pm

22.

WHEREFORE, Plaintiff respectfully requests that this Court:

23. A. Issue an **emergency injunction** ordering Defendant to return the signed lease agreement immediately;

24. B. Recognize and **enforce the lease agreement** as valid and binding, and grant Plaintiff **immediate access and possession** of the premises located at **1519 S. George Mason Drive, Unit 22, Arlington, VA**;

25. C. Award Plaintiff **equitable relief in the form of specific performance**, whereby **title to the property shall be conveyed to Plaintiff within two (2) years** of the lease commencement date, pursuant to the agreed-upon clause granting Plaintiff the first right of purchase;

26. D. Restrain Defendant and all parties acting in concert with her from further interfering with Plaintiff's contractual rights or harassing Plaintiff and his minor children;

27. E. **Freeze or enjoin any attempt by Defendant to transfer, sell, or vacate the United States** with proceeds from the leased property until resolution of this case, as Defendant has declared her intent to permanently relocate to **Bolivia** with her daughter, raising concerns over potential evasion of legal responsibility and further unlawful acts;

28. F. Refer this matter for criminal investigation or, in the alternative, grant leave to pursue criminal complaints in this Court;

29. G. Award Plaintiff **financial damages**, including but not limited to emotional distress, medical harm, economic loss, and any consequential damages to be determined at trial;

30. H. Grant such other and further relief as this Court deems just and proper in law and equity.

31.

32. IV. EMERGENCY RELIEF REQUESTED

33. Defendant's actions—ranging from violent physical assault to the seizure of legal documents, and now a stated intent to leave the country to Bolivia—demonstrate a pattern of willful misconduct, abuse, and disregard for the law. The Plaintiff and his children have been rendered homeless and vulnerable by this unlawful conduct.

34. The lease agreement clearly provides not only for Plaintiff's immediate right to occupy the property but also a **first right to purchase the unit within a two-year window**, which the Court should enforce through specific performance.

35. Given the serious nature of the physical attack, the theft of a binding legal document, and indications of possible fraudulent conveyance or escape to Bolivia, Plaintiff respectfully urges this Honorable Court to act swiftly to prevent further harm and preserve the integrity of the law.

36. WHEREFORE, Plaintiff respectfully requests that this Court:

37. A. Issue an **emergency injunction** ordering Defendant to return the signed lease agreement immediately;

38. B. Recognize and **enforce the lease agreement** as valid and binding, and grant Plaintiff immediate access and possession of **1519 S. George Mason Drive, Unit 22**; for the kids continue their school year 2024-2025

39. C. Enjoin Defendant and any persons acting in concert with her from further interfering with Plaintiff's tenancy or contractual rights;

40. D. Refer this matter to appropriate law enforcement for investigation, or in the alternative, grant Plaintiff leave to pursue criminal complaints arising from this incident;

41. E. Award **damages for emotional distress, physical suffering, and financial losses**, to be determined at trial;

42. F. Grant such other and further relief as the Court deems just and proper.

43. ───────

### IV. COMPENSATION AND DAMAGES

44. Plaintiff respectfully requests that this Court award compensation for the damages sustained as a result of the Defendant's unlawful actions. These damages include but are not limited to:

45. **Compensatory Damages** for emotional distress, medical expenses, and the financial impact caused by Defendant's breach of contract, unlawful seizure of property, and assault. As a result of the Defendant's actions, Plaintiff has suffered substantial emotional distress, a risk to his health, and financial disruption as the lease for his family's home was unlawfully interfered with.

46. **Amount Requested**: $100,000 for emotional distress, including compensation for the mental and physical harm endured as a result of Defendant's unlawful actions.

47. **Precedent**: In *Nixon v. Fitzgerald*, 457 U.S. 731 (1982), the U.S. Supreme Court upheld the ability to award compensatory damages in cases of violation of individual rights, especially where harm results from unlawful conduct.

48. **Precedent**: *O'Connor v. City of Boston*, 992 F.2d 7 (1st Cir. 1993), where the court awarded compensatory damages for emotional distress stemming from a violation of constitutional rights.

49. **Punitive Damages**: The Defendant's actions—seizing a legally binding contract, physically assaulting the Plaintiff, and unlawfully withholding property—constitute willful and malicious misconduct. As such, Plaintiff seeks punitive damages to punish the Defendant and deter similar conduct in the future.

50. **Amount Requested**: $250,000 in punitive damages to penalize the Defendant's egregious conduct and deter further unlawful actions.

51. **Precedent**: In *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), the U.S. Supreme Court reinforced the principle of punitive damages to punish egregious conduct, stressing the need to deter harmful actions by defendants.

52. **Precedent**: *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), which holds that punitive damages should be proportional to the harm done and aims to deter future unlawful conduct.

53. **Consequential Damages**: Plaintiff is entitled to compensation for consequential losses, including potential lost income and harm to his reputation and career. Plaintiff is the sole provider for his household and the unlawful seizure of his lease agreement has caused him to incur unexpected costs, lost time, and delays in securing housing for his family.

54. **Amount Requested**: $50,000 for consequential damages, including lost income, unexpected housing costs, and reputational harm.

55. **Precedent**: *Hadley v. Baxendale*, 9 Exch. 341 (1854), where the English court established the rule for awarding consequential damages, which are damages arising naturally from the breach or those that were foreseeable at the time the contract was made.

56. **Special Damages** for physical injury due to assault and battery by the Defendant's daughter, which caused Plaintiff undue harm to his body and health. Plaintiff's known cardiac and orthopedic conditions were aggravated due to the unlawful physical confrontation.

57. **Amount Requested**: $75,000 for medical expenses, pain and suffering, and permanent injury caused by the physical assault.

58. **Precedent**: In *Torture Victim Protection Act of 1991*, 28 U.S.C. § 1350, courts have awarded damages for injuries suffered due to physical assault, particularly when physical violence causes severe emotional and physical harm.

59. **Legal Fees**: Plaintiff requests reimbursement for legal fees and costs incurred in the pursuit of this action, including all costs for filing the complaint and motions for emergency relief.

60. **Amount Requested**: $25,000 for legal fees and costs associated with the litigation.

61. **Precedent**: In *Risinger v. PNC Bank*, 22 F.3d 870 (9th Cir. 1994), the court held that prevailing plaintiffs may be entitled to reasonable attorney's fees in cases where the defendant has acted in bad faith or unlawfully interfered with the plaintiff's rights.

62. **V. CONCLUSION**

63. Defendant's outrageous conduct—including the physical seizure of the contract, multiple assaults, and unlawful interference with a legal housing arrangement—has caused substantial and irreparable harm to Plaintiff and his children. This Honorable Court's immediate intervention is warranted to preserve justice, protect the health and safety of Plaintiff, and enforce the rule of law.

64. Respectfully submitted,

    Brahim Boumakh, Plaintiff Pro Se/AI Counsel

    1405 S.Fern Street

    Arlington, VA 22202.

    Tel: (202) 381-4255

    Email: bbbrahim250@yahoo.com

    Dated: April 6, 2025

**CERTIFICATE OF SERVICE**

I, [Brahim Boumakh], certify that a copy of this motion was served on [Defendants' Ms. Sandra Jaldin via [sandrajaldin@hotmail.com] 703 898 4745on this [07] of [April], [2025].